# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-60370
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

Artem Polozkov,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A249 378 586

———————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Artem Polozkov, a native and citizen of Russia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We DENY the petition.

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60370

Under substantial-evidence review, we do not disturb the BIA's decision unless the evidence "compels" a contrary conclusion. *Singh v. Sessions*, 880 F.3d 220, 224–25 (5th Cir. 2018). And when the agency's decision rests on an adverse-credibility determination, we ask whether that determination is supported by "specific and cogent reasons derived from the record." *Id.* at 225 (citation omitted). The agency "may rely on any inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020).

Here, the agency made extensive and detailed findings supporting its conclusion that Polozkov was not credible. The immigration judge (IJ) found Polozkov evasive and nonresponsive (particularly when answering questions from the bench) and determined his testimony was contradictory and riddled with internal inconsistencies. The BIA adopted those findings, *see Singh*, 880 F.3d at 224, and further rejected Polozkov's contention that the hearing was tainted by translation errors. During the hearing, Polozkov affirmed that he understood the interpreter-related admonishments and raised no concerns at the time.

On appeal, Polozkov does not meaningfully engage with the agency's extensive findings supporting the adverse-credibility determination. By failing to brief that issue, he abandons any challenge to it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Even if the issue were not abandoned, the agency's adverse-credibility finding is supported by multiple cogent reasons grounded in the record. *See Avelar-Oliva*, 954 F.3d at 764. The IJ also found Polozkov's explanations for the discrepancies unpersuasive. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017) (recognizing that the agency is not required to accept an applicant's explanations for inconsistencies). Because Polozkov identifies nothing in the

record that compels a contrary conclusion, the BIA did not err in determining that he failed to carry his burden of proof for asylum, 8 U.S.C. § 1158(b)(1), and for withholding of removal, 8 U.S.C. § 1231(b)(3); *see also Morales*, 860 F.3d at 817 ("[A]n alien who is ineligible for asylum is not entitled to withholding of removal[.]").

Rather than addressing the agency's adverse-credibility finding, Polozkov focuses on his claim that the hearing was fundamentally unfair due to translation errors. But as the BIA correctly observed, this is a due-process claim. *See Wang v. Holder*, 569 F.3d 531, 539 n.6 (5th Cir. 2009). And an applicant who brings such a claim "must make an initial showing of substantial prejudice . . . that the alleged violation affected the outcome of the proceeding." *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam) (internal quotation marks and citation omitted).

Polozkov fails to do so. He identifies no specific mistranslations. Nor does he cite any portions of the transcript reflecting deficient interpretation or point to authority suggesting that the alleged errors warrant reversal. *See* FED. R. APP. P. 28(a)(8)(A) (requiring that briefs contain "citations to the authorities and parts of the record on which the appellant relies"). And because Polozkov shows no error in connection with the BIA's rejection of his argument that the hearing was tainted by translation errors, he necessarily fails to show any error in connection with the adverse-credibility finding. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). We therefore deny the petition as to his asylum and withholding-of-removal claims.

Polozkov's challenge to the denial of his CAT claim fares no better. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). An applicant seeking CAT relief must establish that he will more likely than not be tortured "by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official

capacity." *Tabora Gutierrez v. Garland*, 12 F.4th 496, 502 (5th Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(1)).

Polozkov fails to make that showing. He relies solely on his own non-credible testimony and generalized country-conditions evidence. He points to no particularized evidence that he will be singled out for torture by or with the acquiescence of the Russian government. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country evidence tells us little about the likelihood state actors will torture any particular person[.]"); *Arulnanthy*, 17 F.4th at 598 (concluding that adverse-credibility finding was dispositive for the CAT claim where applicant did not provide "independent, non-testimonial evidence going to the likelihood of torture"). Because Polozkov's evidence does not compel a conclusion contrary to that of the BIA, we also deny the petition as to Polozkov's CAT claim.

Accordingly, the petition for review is DENIED.